AVM Chiropractic, P.C., as Assignee of Fuller Tara, Appellant, 
against
American Transit Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Carmen R. Velasquez, J.), entered June 3, 2014. The order, insofar as appealed from, granted the branches of defendant's motion seeking summary judgment dismissing the first through eighth causes of action and, upon denying the branches of defendant's motion seeking summary judgment dismissing the ninth and tenth causes of action, found, in effect pursuant to CPLR 3212 (g), that defendant had "established its 8-unit [Ground Rule] (fee schedule) defense," thereby "reduc[ing]" the claims underlying the ninth and tenth causes of action "to reflect the proper rate."




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing the second, third, and sixth through eighth causes of action are denied, and the findings, in effect pursuant to CPLR 3212 (g), on the ninth and tenth causes of action are vacated; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order of the Civil Court as granted the branches of defendant's [*2]motion seeking summary judgment dismissing the first through eighth causes of action and, upon denying the branches of defendant's motion seeking summary judgment dismissing the ninth and tenth causes of action, found, in effect pursuant to CPLR 3212 (g), that defendant had "established its 8-unit [Ground Rule] (fee schedule) defense" and stated that "those portions [of the complaint] are reduced to reflect the proper rate."
There is no merit to plaintiff's argument regarding the adequacy of the proof submitted by defendant to establish that defendant had fully paid plaintiff for the claims underlying the first, fourth and fifth causes of action in accordance with the workers' compensation fee schedule. However, as to the claims underlying the second, third, and sixth through tenth causes of action, plaintiff correctly argues that defendant did not demonstrate that it had appropriately reduced the claims in accordance with the workers' compensation Ground Rules (see Sama Physical Therapy, P.C. v American Tr. Ins. Co., 53 Misc 3d 129[A], 2016 NY Slip Op 51359[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). 
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing the second, third, and sixth through eighth causes of action are denied, and the findings, in effect pursuant to CPLR 3212 (g), on the ninth and tenth causes of action are vacated.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 08, 2017